Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 99 C 639 | **DATE** | 2/3/2003 |
| **CASE TITLE** | Sound of Music Minnesota vs. Minn Mining & Mfg Co | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 4 2003 date docketed | 33 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/3/2003 date mailed notice | |
| MF | courtroom deputy's initials | | MF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SOUND OF MUSIC COMPANY, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 99 C 0639 ) ) Judge Nordberg |
| MINNESOTA MINING AND MANUFACTURING COMPANY, a Delaware corporation, | ) ) Mag. Judge Mason ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Sound of Music Company ("SOM") has sued defendant Minnesota Mining and Manufacturing Company ("3M") over 3M's termination of a business relationship between the companies. SOM contends that its role as a "dealer" for 3M's direct broadcast satellite communications business ("DBS") actually made it a franchisee of 3M, and the termination violated both Illinois and Minnesota franchise law. It has filed a motion to compel 3M to more fully respond to certain interrogatory and document requests that SOM contends are relevant to the question of whether 3M's nationwide network of DBS dealers were actually franchisees, and whether SOM specifically was a franchisee as well.

As an initial matter, SOM contends that 3M has waived its right to object to any of SOM's discovery requests because it failed to respond to them on time. However, the course of correspondence between the parties does not indicate any bad faith

failure on 3M's part, only an informal agreement by the parties to allow certain extensions to discovery. Thus, we do not deem 3M's objections waived.

3M disputes that SOM was a franchisee, and points to the applicable dealership agreement between the parties, which specifically disclaims any franchisee relationship and grants SOM the right to sell the products of 3M's competitors as well. 3M also contends that after it decided to exit the background music business altogether, it legally terminated the dealership agreement after giving SOM the twelve months notice required by the contract. It argues that the relevant questions in this case are whether SOM is a franchisee of 3M pursuant to the current agreement between the parties, and if so, whether 3M's termination of the dealership agreement conformed with Illinois and Minnesota franchise law. It objects to producing any information not related to these issues. Basically, the information SOM seeks falls into three categories: 1) information related to dealership agreements 3M had with other DBS dealers; 2) information related to any insurance policies that might cover this dispute; and 3) information related to payments SOM made to 3M under a variety of different agreements between the two parties.

We agree with 3M that documentation solely relating to its dealership arrangements with other dealers is not relevant to the question of whether SOM was a franchisee of 3M, and thus we will not order its production. However, to the extent that 3M has not produced information about its dealership arrangements that include or concern SOM (even if SOM is not mentioned by name) in addition to other dealers, this information must be produced. That is, if 3M has general documentation about the dealership arrangement it had with SOM and may also have had with other dealers, it

2

must produce such information.

Next, 3M states that it has already informed SOM that it does not have any relevant insurance information, so this request is moot.

Finally, 3M agrees to produce all documentation and respond to SOM's interrogatory concerning payments SOM made pursuant to the 1995 agreement, which is the agreement under which SOM is suing. It argues that any older agreements between the parties are irrelevant since they no longer govern the parties' relationship. We agree, and thus order 3M to produce only that documentation regarding payments to and from SOM that were made under the 1995 agreement. Additionally, we order 3M to fully respond to SOM's interrogatory 11 to the extent that it asks for information concerning the 1995 agreement. SOM's motion is granted in part and denied in part. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: February 3, 2003