
IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUND OF MUSIC COMPANY,<br>an Illinois corporation,<br>               Plaintiff,<br>v.<br><br>MINNESOTA MINING AND<br>MANUFACTURING COMPANY,<br>a Delaware corporation,<br>               Defendant. | )<br>)<br>)<br>)  Case No. 99 C 0639<br>)<br>)  Judge Nordberg<br>)<br>)  Magistrate Judge Mason<br>) |

**FILED** DEC 0 5 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED** DEC 0 9 2003

### NOTICE OF FILING

PLEASE TAKE NOTICE that on this 5th day of December, 2003, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Minnesota Mining and Manufacturing Company's Brief in Opposition to Plaintiff's Motion for Leave to Amend, a copy of which is herewith served upon you.

Respectfully submitted,

By: _____
One of the Attorneys for Minnesota
Mining and Manufacturing Company

Fred E. Schulz
Michael R. La Porte (#6237510)
Wildman, Harrold, Allen & Dixon
225 W. Wacker Drive
Chicago, IL 60606-1229
(312) 201-2000

Jim Palmquist
Minnesota Mining and Manufacturing Co.

IN THE UNITED STATES DISTRICT CIRCUIT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOUND OF MUSIC COMPANY, an Illinois corporation, Plaintiff, v. MINNESOTA MINING AND MANUFACTURING COMPANY, a Delaware corporation, Defendant. | Case No. 99 C 0639 Judge Nordberg Magistrate Judge Mason |

**3M'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

The newly-proposed complaint repackages old allegations of what 3M said years ago -- *i.e.*, that it intended to remain in business. Sound of Music now claims that 3M decided to get out of business before making these statements. But Sound of Music has no evidence to support this essential element of its belatedly-proposed claim. And evidence to the contrary abounds. Should Sound of Music be allowed to add this frivolous claim so late in the game?

**Background Facts**

After all fact discovery had closed and after a briefing schedule for dispositive motions had been set, the plaintiff moved for leave to file a second amended complaint. *See* Motion for Leave to File Second Amended Complaint ("the Motion" attached as Exhibit A). The proposed Second Amended complaint repeats every allegation of the Amended Complaint and includes a new cause of action for a purported violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act.[1] In the main, the Consumer Fraud Act claim relies on previously-alleged facts. *See* Proposed Second Amended Complaint ("the New Complaint" attached as Exhibit B). In fact, in that proposed new count, it specifically refers back to existing allegations. Some of the

---

[1] 815 ILCS 505/1 *et seq.*

new paragraphs also amplify those earlier allegations. *Id.* at ¶ 60 (specifically referring to allegations in ¶ 12). These paragraphs allege generally that 3M told the plaintiff of a "plan" to stay in business through 2005. *See, e.g., id.* at ¶ 60.

The allegations that are the basis of Sound of Music's new claim are old. The purportedly "new" aspect of the claim is that Sound of Music now alleges that the statements of future intent were false. Specifically, Sound of Music alleges that "[a]lthough SOM was first notified of the decision to terminate its contract in November 1997, the decision to terminate the contracts of the dealers was made well prior to November 1997." *Id.* at ¶ 65. Sound of Music also alleges that "3M advised SOM and dealers that the decision to terminate the satellite business was made in November 1997, but not one document exists to evidence that decision, nor can 3M explain why or who made the decision." *Id.* at ¶ 66. Not to put too fine a point on it, these allegations are frivolous.[2]

To be clear, Sound of Music claims that it *does not* require any further discovery in support of this belatedly-proposed claim. *See* The Motion at ¶ 12 ("it is not believed that any additional discovery will be necessary") Yet, there is no evidence to support the claim that 3M decided to exit the background music business "well prior to November 1997" so as to make 3M's old statements of future intent false. On the contrary, there is ample evidence of 3M's decision-making process, which was initiated in October 1997 and concluded and announced in November of 1997. Sound of Music's accusation that 3M made the decision "well prior" to November 1997 is not only devoid of evidentiary support but is also, in a word, false. So Sound of Music would either require additional discovery, which would greatly prejudice 3M at this

---

[2] In this response, 3M does not address the Rule 11 violation stemming from these misstatements of fact. Those will be the subject of a separate sanctions motion, served directly on the plaintiff, as Rule 11 requires. *See* Fed. R. Civ. P. 11.

2

late stage of the case, or it would be futile to permit this frivolous amendment only to have it dismissed.

## Argument

The Court should deny Sound of Music's motion for leave to amend because its eleventh-hour request presents an amendment to add a frivolous claim. Permitting Sound of Music to amend would also greatly prejudice 3M by requiring the re-opening of discovery. "A party may amend the party's pleading only by leave of court . . . [which] shall be freely given *when justice so requires*."[3] Once summary judgment has been filed, there is a higher standard for permitting amendments to pleadings.[4] At this stage of litigation, the plaintiff must show "a significant reason for [its] failure to assert the new claim[] earlier."[5] Otherwise, a party could take a case through discovery, evaluate its chances on dispositive motions and then decide whether to add additional theories.[6] Courts frown on this practice. Sound of Music ought not be given leave to file such a pleading.

With respect to Sound of Music's newly-proposed claim, two possible scenarios exist, neither of which supports granting Sound of Music's motion. On the one hand, 3M will be prejudiced by the necessity to re-open discovery. On the other hand, the absence of evidence on this crucial point would make granting the motion futile because it would just be dismissed in a subsequent motion. In either case, it would be inappropriate to grant Sound of Music leave to amend.

---

[3] Fed. R. Civ. P. 15(a) (emphasis added).

[4] *E.g., Talano v. Northwestern Med. Faculty Foundation*, 97 C 7618, 1999 U.S. Dist. Lexis 18455 at *5-6 (N.D. Ill. Nov. 23, 1999) ("a defendant would be seriously prejudiced if the plaintiff had the unfettered right to alter his cause of action every time that it appeared that the defendant might be able to defeat it") (citations omitted); *cf. TransWorld Airlines, Inc. v. Martin Automatic, Inc.*, 575 N.E.2d 592, 595 (Ill. App. 2d Dist. 1991) ("amendment should not be allowed where the matters asserted were known by the moving party at the time of the original pleading was drafted and no excuse is offered in explanation for the original failure.")

[5] *Id.*

4

Examining the elements necessary to plead and prove a claim, and the evidence developed through summary judgment shows that Sound of Music could not sustain a claim under the Consumer Fraud Act because any statements by 3M that it intended to stay in the business through 2005 were not false when made. To sustain a Consumer Fraud Act claim the plaintiff bears the burden of pleading and proving: (1) a statement by the seller; (2) of an existing or future material fact; (3) that was *untrue*; (4) made to induce reliance; which results in damages.[7] As courts in the Northern District have stated "[p]romissory fraud is generally not actionable [except] where the false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud."[8] The scheme exception applies "where a party makes a promise of performance, not intending to keep the promise . . . ."[9] It is the third element that is lacking, both standing alone and consequently and necessarily, as part of any scheme.

Although Sound of Music claims that no further discovery is needed, its difficult to see how this could be since there is no evidence to support its new claim. In an attempt to show that 3M's statements of future intent were false, Sound of Music claims that "[a]lthough SOM was first notified of the decision to terminate its contract in November 1997, the decision to terminate the contracts of the dealers was made well prior to November 1997." *Id.* at ¶ 65. But Sound of Music has not described any evidence at this late juncture which would support its charge that 3M *falsely* stated that it intended to remain in the background music business through 2005. Put another way, there is simply no evidence described or included in its motion or pleading that show that 3M made a decision to exit the business "well prior to November 1997." This isn't surprising, because 3M didn't do that.

---

[6] *Id.*

[7] *See, e.g., Borcherding v. Anderson Remodeling Co.*, 624 N.E.2d 887, 892 (Ill. App. 2d Dist. 1993).

[8] *Anic v. DVI, Inc.*, 01 C 383, 2002 U.S. Dist. Lexis 23943 (N.D. Ill. Dec. 12, 2002) (citations omitted).

5

In an apparent attempt to get around this deficiency, Sound of Music claims that "3M advised SOM and dealers that the decision to terminate the satellite business was made in November 1997, but not one document exists to evidence that decision, nor can 3M explain why or who made the decision." *Id.* at ¶ 66. Sound of Music, though, not 3M has the burden of proving the that 3M's statements were false. Sound of Music has not come forward with or described any evidence to support this. It is difficult to see how this claim could go forward without re-opening discovery, which would further delay this case and prejudice 3M.

The alternative scenario also does not support granting the motion. If the Court takes Sound of Music at its word – *i.e.*, that further discovery is required - then Sound of Music has no proof on a crucial element of its claim. So, granting a motion to present a claim that can't be proven would be futile. Justice does not require that leave be granted when doing so would be futile.[10] Futility includes, for example, proposing amended pleadings that fail to state a valid theory of liability,[11] or that would fail to survive a motion to dismiss.[12] By this standard, granting Sound of Music leave to file its proposed amendment would be the epitome of futility.

Not only is there an absence of evidence in support of its charge that 3M made false statements of future intent, all of the evidence shows exactly the opposite (*i.e.*, that 3M's statements were true). 3M has offered evidence through witnesses and documents of its decision to exit the background music business. The decision process began and concluded in the fall of 1997. Dr. Gebran Sabongi was asked to examine the financial condition of the background music business in late 1997. *See* Deposition of Don Will at p 19-22 (excerpted at Exhibit C) He

---

[9] *Id.* (citations and internal marks omitted).

[10] *DeSalle v. Wright*, 969 F.2d 273, 278 (7th Cir. 1992).

[11] *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979).

6

delegated this task to Don Will, who, with a team of other 3M employees did that and produced a report to Dr. Sabongi with recommendations on October 11, 1997 (the "Will Report" attached as Exhibit D) Contrary to the plaintiff's theories the Will Report did not begin with the premise that a decision to shut down had already been made. *See* Deposition of Don Will at p 19 ("Q: Prior to your writing that document, had there been any decision to discontinue [the background music business]? A: No.") The Will Report recommended shutting down the business over the course of the next year. The evidence shows that 3M engaged in the process of deciding to shut down its background music business and ultimately decided to shut down in the fall of 1997. This evidence fatally undermines Sound of Music's claim of statutory fraud and makes its current motion futile.

---

[12] *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985); *see also Estate of Porter by Nelson v. State of Illinois*, 36 F.3d 684, 690 (7th Cir. 1994) (granting leave to amend would be futile if the proposed pleading could not survive a motion for summary judgment).

## Conclusion

Facing dispositive motions that it must not feel confident about, Sound of Music has turned to this Court to try to add a new theory to its case. This new theory, however, is based on facts known to Sound of Music for years and based on rank speculation. To support its new charge of consumer fraud, Sound of Music should have to come forward with some proof that 3M's statements were false. No evidence has been produced because none exists. None exists because the allegation itself is false. 3M would be greatly prejudiced if it had to re-open discovery so that Sound of Music could once again try to find evidence of wrongdoing that simply doesn't exist. To permit this amendment would be prejudicial to 3M and would be an exercise in futility.

MINNESOTA MINING AND MANUFACTURING CO.

By: _____
One of its attorneys.

Date:   December 5, 2003.

Fred E. Schulz
Michael R. La Porte
WILDMAN, HARROLD, ALLEN & DIXON
225 West Wacker Drive  Suite 3000
Chicago, IL  60606-1229
312-201-2000

Jim Palmquist
Minnesota Mining and Manufacturing Co.

## **CERTIFICATE OF SERVICE**

Linda Nowak, being first duly sworn on oath, deposes and states that a copy of the foregoing NOTICE OF FILING AND MINNESOTA MINING AND MANUFACTURING COMPANY'S BRIEF IN OPPOSITION TO PLAINTIF'S MOTION FOR LEAVE TO AMEND were served via U.S. Mail to all attorneys of record in the above and foregoing case this 5th day of December, 2003.

*/s/ Linda Joy Nowak*

SUBSCRIBED AND SWORN TO
before me this __5th__ day
of _____December_____, 2003.

*/s/ Mitchelle H. Kmiec*

"OFFICIAL SEAL"
MITCHELLE H. KMIEC
Notary Public, State of Illinois
My Commission Expires June 14, 2007

# See Case File For Exhibits